# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT B. TURNER III,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., *et al.*,

    Defendants.

Case No. 2:11-CV-1460-KJD-PAL

**ORDER**

    Presently before the Court is Wells Fargo Bank and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss and Expunge Lis Pendens (#4). Though the time for doing so has passed, Plaintiff has failed to file any response in opposition. Therefore, having considered the merits of the claims and in accordance with Local Rule 7-2(d), the Court grants the motion to dismiss.

    Plaintiff makes general allegations of wrongful foreclosure asserting: (1) that Defendants committed fraud when assigning the deed of trust and recording notices of default; and (2) that Defendants misrepresented that the note was in default because third parties unknown to Plaintiff had paid the note. First, after examining each document the Court has taken judicial notice of, the Court can find no deficiency in the assignments of the Deed of Trust, substitutions of Trustee, or notices required in Nevada statute. Each party that acted was authorized to take actions the actions that they

1  did by the Deed of Trust and Note and by state statute. Furthermore, Plaintiff's claims regarding
2  securitization of the Note and the involvement of MERS have been foreclosed by the Ninth Circuit.
3  See Cervantes v. Countrywide Home Loans, Inc., — F.3d —, 2011 WL 3911031 *8 (9th Cir.
4  September 7, 2011). The Court's review of the Deed of Trust and judicially noticed, recorded
5  documents demonstrates no defect as alleged by Plaintiff.

6      Next, Plaintiff's wrongful foreclosure claims fail, because Plaintiff does not dispute that he is
7  in default and cannot cure the default.[1] Nevada recognizes the tort claim of wrongful foreclosure
8  where homeowners allege that a lender wrongfully exercised the power of sale and foreclosed upon
9  their property when they were not in default on the mortgage loan. See Collins v. Union Fed. Sav. &
10 Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983). However, Plaintiff does not dispute his delinquency on
11 the mortgage. Finally, Plaintiff's claim is premature, because foreclosure has not yet occurred.
12 Therefore, the Court dismisses Plaintiff's claim for wrongful foreclosure. Since Plaintiff's claim for
13 civil conspiracy requires the same finding, that recording the notice of default and assignment of the
14 deed of trust was fraudulent, the Court must also dismiss the civil conspiracy claim.

15     Plaintiff's last claim, to quiet title, must also be dismissed. In Nevada, a quiet title action
16 may be brought "by any person against another who claims an…interest in real property, adverse to
17 the person bringing the action, for the purpose of determining such adverse claim." N.R.S. § 40.010.
18 In a claim for quiet title "the burden of proof rests with the plaintiff to prove a good title in himself."
19 Velazquez v. Mortgage Electronic Registration Systems, Inc., No. 2:11–CV–576, slip op., 2011 WL
20 1599595, at *2 (D. Nev. Apr. 27, 2011) (quoting Breliant v. Preferred Equities Corp., 918 P.2d 314,
21 318 (Nev.1996)). Additionally, an action to quiet title requires a plaintiff to allege that he has paid
22 any debt owed on the property. See Ferguson v. Avelo Mortgage, LLC. No. B223447, 2011 WL
23 2139143, at *2 (Cal. App. 2d June 1, 2011). Essentially, "he who seeks equity must do equity."

---

25,26 [1] Plaintiff's vague allegation and claim that a third, unknown party paid off the balance of the note has been rejected by other courts. See Green v. Countrywide Home Loans, Inc., 3:09-cv-374, *4 (D. Nev. Jan. 12, 2010)(this vague allegation "even if . . . true, is not tantamount to assertion that Plaintiffs were not in default on their mortgages,").

2

McQuiddy v. Ware, 87 U.S. 14 (1873). Although courts have power to vacate a foreclosure sale where there has been fraud, such as sham bidding and the restriction of competition, or inadequacy of price coupled with other circumstances of fraud in the procurement of the foreclosure decree, or where the sale has been improperly, unfairly or unlawfully conducted, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 575, 578 (Cal. Ct. App. 1984). See also FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021 (Cal. Ct. App. 1989) ("[t]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs").

Plaintiff has failed to allege whether he was in the position to cure the default at the time the Notice of Default and Trustee's Sale was sent. Furthermore, he did not respond in opposition to the motion to dismiss that he could in fact cure any default. Therefore, this claim is dismissed.

Accordingly, IT IS HEREBY ORDERED that Wells Fargo Bank and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss and Expunge Lis Pendens (#4) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc. and against Plaintiff.

DATED this 14th day of October 2011.

_____
Kent J. Dawson
United States District Judge