# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT B. TURNER III,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., *et al.*,

    Defendants.

Case No. 2:11-CV-01460-KJD-PAL

**ORDER**

    Presently before the Court is Plaintiff's Motion to Set Aside Order (#12). Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively hereinafter "Defendants") filed a response in opposition (#20).

I.  Procedural History

    Plaintiff filed his Complaint (#1-1, p. 30) in Nevada state court on July 7, 2011. Wells Fargo was served with the summons and complaint on August 16, 2011. MERS was served on August 18, 2011. Wells Fargo and MERS filed their Notice of Removal (#1) on September 9, 2012.

    On September 15, 2011, Defendants filed their Motion to Dismiss (#4). Defendants mailed a copy of the motion to dismiss to Plaintiff at 9344 Bronze River Drive, Las Vegas, Nevada 89149. Plaintiff's correct mailing address is 9344 Bronze River Avenue, Las Vegas, Nevada 89149. Plaintiff asserts that he never received Notice of Removal or the Motion to Dismiss. The Clerk of the Court mailed Notice of Electronic Filing of the Motion to Dismiss and an actual copy of the

1  Motion to Dismiss to Plaintiff at his correct address on September 15, 2011.  On September 16,
2  2011, the Clerk of the Court mailed to Plaintiff at his correct address the Minute Order (#5) which
3  informed Plaintiff that a dispositive motion had been filed and that if Plaintiff failed to respond or
4  oppose the motion the Court would grant the motion.  Plaintiff has not denied receiving any mailing
5  from the Clerk of the Court.
6    The Notice of Electronic Filing stated that Plaintiff's opposition was due no later than
7  October 2, 2011.  The Minute Order gave Plaintiff fourteen (14) days from the date of the order,
8  September 16, 2011, to file an opposition.  Thus, Plaintiff's opposition was due no later than October
9  2, 2011.  When Plaintiff failed to file a response in opposition, the Court considered the case on the
10 merits and granted (#10) Defendants' motion to dismiss on October 14, 2011.  On November 3,
11 2011, Plaintiff filed the present motion to set aside the Court's order dismissing his case.  On
12 November 11, 2011, Defendant National Default Servicing Corporation ("NDSC") appeared and
13 filed its Motion to Dismiss (#15).  On November 14, 2011, Plaintiff filed a Notice of Appeal (#17) of
14 the Court's order (#10) granting Defendants' Motion to Dismiss.  On December 9, 2011, the Ninth
15 Circuit Court of Appeals dismissed (#22) the appeal finding that it was without jurisdiction, because
16 the Court's order had not dismissed all claims as to all parties.
17 II.  Analysis
18   A motion to reconsider a final appealable order is appropriately brought under either Rule
19 59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure.  See United States v. Martin, 226 F.3d
20 1042, 1048 n.8 (9th Cir. 2000).  Motions for reconsideration are committed to the discretion of the
21 trial court.  See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th
22 Cir. 1993).  Where reconsideration of a non-final order is sought, the court has inherent jurisdiction
23 to modify, alter or revoke it.  See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000);
24 Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1032 (N.D. Cal. 1994) ("District courts
25 are authorized to reconsider interlocutory orders at any time prior to final judgment.").  Since the
26 Ninth Circuit Court of Appeals did not consider the Court's Order (#10) and entry of judgment (#11)

against Plaintiff final, non-appealable orders, the Court declines to consider the motion to set aside under either Rule 59(e) or Rule 60.  However, to the extent that either Rule 59 or 60 apply to the facts of this case, the Court would not reach a different conclusion.

Plaintiff asserts that the Court should set aside the order and judgment because Defendants failed to mail the motion to dismiss to the correct address.  The Court finds that Plaintiff's unsworn statement that he did not receive the mailing is insufficient to meet his burden.  Furthermore, the fact that the Clerk of the Court also mailed Plaintiff a copy of the Notice of Electronic Filing and the Motion to Dismiss (#4) as well as the Minute Order (#5) to his correct address, put Plaintiff on notice that he must respond to the motion to dismiss or face having his complaint dismissed.  A party, *pro se* or not, cannot sit idly by and preserve his rights.  Therefore, the Court denies the motion to set aside.

Also, currently pending before the Court is Defendant NDSC's Motion to Dismiss.  Plaintiff may have mistakenly believed that briefing was stayed on that motion pending his appeal.  Out of an abundance of caution, the Court grants Plaintiff an extension of time to file an opposition to that motion.  Plaintiff's opposition to the Motion to Dismiss (#15) shall be filed no later than fourteen (14) days after the entry of this order.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Set Aside Order (#12) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff file his opposition to the pending Motion to Dismiss (#15) within fourteen (14) days of the entry of this order.

DATED this 17th day of August 2012.

_____
Kent J. Dawson
United States District Judge